UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 15-cr-122-M-LDA |
| ) | |
| TREVOR GASKELL, ) | |
| Defendant. ) | |

## ORDER

Trevor Gaskell pled guilty to a two-count Information charging him with robbing two federally insured banks in the Town of Warren and the City of Cranston. He was sentenced to 34 months in prison. Mr. Gaskell now alleges in his § 2255 petition that the State of Rhode Island had promised that the federal government would not prosecute him for these bank robberies. Because he failed to raise this issue during his federal prosecution or on direct appeal, and he has not demonstrated cause and prejudice, Mr. Gaskell has procedurally defaulted this argument, so the Court must deny his motion.

### *Facts*

Mr. Gaskell went on a three-state bank-robbing spree in the beginning of 2013. In addition to robbing two banks in Rhode Island, Mr. Gaskell was also convicted of and sentenced to prison for robbing banks in two other states—Massachusetts and Connecticut—around the same time as the Rhode Island bank robberies.

This was not Mr. Gaskell's first brush with the law. At the time of these crimes, he was serving multiple terms of probation for prior crimes in Rhode Island

and Massachusetts. Based on these new criminal charges, the State of Rhode Island charged him with being a probation violator. He waived a violation hearing in state court, admitted that he "failed to keep the peace and being of good behavior," and was sentenced to serve three and a half years for the probation violation.

The transcript of the state probation violation plea reveals the following colloquy:

> [DEFENSE ATTORNEY]: It's also my understanding that as a condition of this admission, that the State is going to put on the record that neither the State nor the federal government are going to prosecute the underlying case. It's my understanding that the State case has already been dismissed and won't be recharged.
>
> *****
>
> [PROSECUTOR]: I believe that's the State's agreement, your Honor.
>
> *****
>
> [THE COURT]: In addition, based upon the agreement of the parties, as stated by [defense counsel], the State will not prosecute this matter. I believe it's been previously dismissed and will not be recharged. And the parties have also represented that the agreement is that the federal government will not be bringing charges, as much as the State controls that.

ECF No. 19-3 at 12–13, 15.

After the state probation violation adjudication, and despite the above-quoted state-court colloquy, Mr. Gaskell voluntarily agreed to be charged by way of Information in federal court for the two Rhode Island bank robberies. After entering a knowing and voluntary plea to the federal bank robbery charges, and being

2

sentenced, Mr. Gaskell filed this habeas petition pursuant to 28 U.S.C. § 2255. He asserts four grounds for relief—two based on alleged due process violations and two based on equal protection grounds. Each of the claims revolve around the same factual assertion: At his state probation violation hearing, as alleged by Mr. Gaskell, he was "informed by his State criminal defense lawyer that the U.S. attorney agreed not to prosecute the bank robbery charges at the federal level if [he] entered a plea of guilty at the state court level." ECF No. 19 at 4.

*Analysis*

Initially, it is questionable if Mr. Gaskell can utilize 28 U.S.C. § 2255 because he is not currently serving a sentence imposed by this Court. Mr. Gaskell is currently in the custody of the State of Connecticut serving time for his bank robbery in that state. He is not expected to be transferred to federal custody until April 7, 2018, at the earliest. ECF No. 28-2 at 2. Because the record clearly shows waiver, as set forth below, the Court will assume, without deciding, the validity of the petition.

Twenty-one months after the state court probation violation plea and sentence, Mr. Gaskell voluntarily agreed to waive his right to an indictment and instead agreed to plead guilty to a federal Information (ECF No. 1) charging him with two counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). He signed a plea agreement acknowledging his waiver and agreeing "to have his case resolved in United States District Court." ECF No. 2 at 1. The Court conducted a plea colloquy and determined that his plea was knowing and voluntary. During the plea colloquy,

the Court asked him if anyone had made any promises or assurances to him other than what was in the plea agreement. He stated that no one had.

At no time, before or during the change of plea hearing, did Mr. Gaskell ever say anything about an alleged agreement by the federal government not to prosecute him for the two Rhode Island bank robberies.

At the sentencing, Mr. Gaskell did not object to the pre-sentence report. After hearing from both counsel and Mr. Gaskell, the Court sentenced Mr. Gaskell to 34 months of prison for the two bank robberies. The sentence was significantly below the guideline range[1] in order to effectuate the Government's agreement in the plea agreement that Mr. Gaskell's federal sentence would run concurrent to his period of state incarceration.

At no time during the sentencing hearing, did Mr. Gaskell raise the issue of the alleged promise made in state court not to prosecute him in federal court. Mr. Gaskell did not file an appeal of his conviction or his sentence.

When a person does not raise claims in the trial court, or on direct review, there is a "significant bar on habeas corporate relief." *Owens v. United States*, 483 F.3d 48, 56 (1st Cir. 2007). To overcome this bar, Mr. Gaskell would have to establish cause for having procedurally defaulted his claims and actual prejudice therefrom. *Id.* at 56–57. He offers neither. This rule of law makes good sense. Direct appeals provide a "regular and orderly avenue for correcting" error, *Knight v. United States*,

---

[1] The guideline range was 77–96 months of imprisonment.

37 F.3d 769, 772 (1st Cir. 1994), and § 2255 is "not a surrogate for a direct appeal," *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).

Mr. Gaskell never notified the federal trial court about his allegation that the federal government promised not to prosecute him for the bank robberies. Mr. Gaskell not only stood silent on this issue during his change of plea hearing and sentencing, but he affirmatively agreed to the federal prosecution in writing. He never appealed. Mr. Gaskell cannot sit silently and then, for the first time, without explanation or justification, raise this issue on collateral attack on his prosecution without evidence to support his allegation.

The state court judge during the plea colloquy only says, "the federal government will not be bringing charges, as much as the State controls that." ECF No. 19-3 at 15. But the State cannot, without the federal government's approval, enter into a non-prosecution agreement on the federal government's behalf. *United States v. Callahan*, 149 F. App'x 4, 6 (1st Cir. 2005). And the plea colloquy recognized the inability of the state government to bind the federal government and made no assurances that the federal government bound itself in an agreement not to prosecute Mr. Gaskell for the two Rhode Island bank robberies. The Government, on the other hand, has produced a signed plea agreement, in which Mr. Gaskell agreed to plead guilty to the two counts of unarmed bank robbery. ECF No. 2. The Court finds this executed agreement between the Government and Mr. Gaskell more convincing than a noncommittal, stray remark by a non-party with no apparent authority over the Government. Accordingly, Mr. Gaskell has not produced evidence that the federal

government was a party to a non-prosecution agreement and, therefore, bound by such an agreement.[2] And for this reason, Mr. Gaskell fails to demonstrate prejudice.[2]

In addition to the alleged due process violation, Mr. Gaskell also asserts that the federal prosecution of the Rhode Island bank robberies violated his Fifth Amendment right to be free from double jeopardy. However, Mr. Gaskell seems fundamentally to misunderstand the facts. He was not prosecuted and sentenced in state court for the bank robberies. He was convicted and sentenced in state court for violating his conditions of probation that resulted from a previous state crime. Therefore, there is no double jeopardy because these are two separate offenses. Nevertheless, even if he were prosecuted in state and federal courts for the same actions, the law provides that both separate sovereigns can prosecute him. *United States v. Gerhard*, 615 F.3d 7, 25 (1st Cir. 2010).

Mr. Gaskell makes two remaining arguments: prosecutorial vindictiveness and pre-indictment delay. His prosecutorial vindictiveness claim simply rehashes the supposed existence of the non-prosecution agreement. As the Court discussed above,

---

[2] Mr. Gaskell requested a hearing on his motion, but none is required because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974). "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." *David v. UnitedStates*, 134 F.3d 470, 478 (1st Cir. 1998). Indeed, Mr. Gaskell has the burden of establishing a need for an evidentiary hearing by a preponderance of the evidence, and he fails to do so. Furthermore, this Court is thoroughly familiar with this case, and therefore no hearing is required. *Ouellette v. United States*, 862 F.2d 371, 377 (1st Cir. 1988).

[2] Mr. Gaskell does not hazard an argument as to the cause prong of procedural default.

the record contravenes the existence of such an agreement, which summarily takes the wind out of Mr. Gaskell's constitutional sails.

As for Mr. Gaskell's Fifth Amendment argument asserting pre-indictment delay, his guilty plea forecloses this assignment of error—and all non-jurisdictional errors. *See United States v. Urbina-Robles*, 817 F.3d 838, 842 (1st Cir. 2016).

Because Mr. Gaskell did not raise any of these issues in the federal district court during the prosecution of his crimes, and he has not established cause and prejudice, he is not entitled to raise them for the first time in a collateral attack on his prosecution. Mr. Gaskell's Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 (ECF No. 19) is DENIED.[3]

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

April 17, 2017

---

[3] Mr. Gaskell requests appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Mr. Gaskell has not convinced this Court that it should exercise its discretion and appoint counsel in his case because the facts and law in this matter are clear.

7